ISAAC KENNEDY *vs.* SAMUEL COCHRANE.

Washington, 1875.—March 24, 1876.

*Contract.*

A contract prohibited and void by the law of the state where it was made, will not be enforced in another jurisdiction.

ON FACTS AGREED.

ASSUMPSIT, on account annexed.

The plaintiff was an innkeeper in St. Stephen's, New Brunswick, duly licensed, under the statute of that province, to sell liquor as a retail dealer; the liquor sued for was sold at retail by the plaintiff to the defendant, who then was, and is now, a resident of Calais, Maine; the liquor sold was not for re-sale, but was for the defendant's own use; the items of the account were charged by the plaintiff to the defendant, who has never paid the account nor any part of it; the items were all for glasses and pints of liquor, except the first item which was to balance of old account $2.01, which old account was for liquor.

Acts of New Brunswick on the subject, make a part of the case. "N. B. Act of assembly 1873, c. 10, § 1. No person shall directly or indirectly barter or sell any liquors without license for that purpose first obtained."

"Sect. 16. No innkeeper or tavern keeper, who shall sell upon trust or credit, any liquors, mixed or unmixed, to any person, shall have any remedy against the said person, his executors or administrators, either in law or equity, for the recovery thereof."

If the action is maintainable, the defendant to be defaulted; otherwise, the plaintiff to be nonsuit.

*J. Granger & G. F. Granger*, for the plaintiff.

*G. A. Curran*, for the defendant.

APPLETON, C. J. This is an action of assumpsit for liquors sold the defendant by the plaintiff, a licensed innholder in St. Stephen's, New Brunswick. The sale was by the glass or pint, and charged at the time of delivery.

By an act of the general assembly of New Brunswick, passed in

1873, c. 10, § 16, it was enacted that "no innkeeper, or tavern keeper, who shall sell upon trust or credit, any liquors, mixed or unmixed, to any person, shall have any remedy against the said person, his executors or administrators either in law or equity, for the recovery thereof; and if any bill, bond, note, mortgage or other security or conveyance shall be made and delivered, the consideration, or any part of the consideration of which, shall be proved to be for liquors sold, the same shall be taken to be fraudulent and void in all courts of justice," &c.; "and if any pawn or pledge shall be left, by any person, with any tavern or innkeeper, it shall be lawful for any justice of the peace of the county in which such pawn or pledge may have been left on complaint and proof of the same, to order the said pawn or pledge to be restored, and shall further convict the inn or tavern keeper, who may have received the same, in a penalty not exceeding twenty dollars for each offense."

The tavern or innkeeper who sells on credit is without remedy. All securities given for such sales are declared fraudulent and void. All pawns or pledges left, are to be restored, and the tavern or innkeeper receiving the same, is liable in a penalty of twenty dollars for each offense.

The liquors, for which this suit is brought, were charged. They were not sold for cash. They were sold on trust or credit, and hence they were charged. If sold on trust or credit, the plaintiff is without remedy, by the law of New Brunswick, where the sales were made. Sales of liquors on trust or credit must be regarded as prohibited, when by the statute, the seller is without remedy. The license to sell applies only to sales for cash. Such is the obvious intention of the statute.

The sales to the defendant were in palpable violation of the law of the place where they were made. The plaintiff could not recover in New Brunswick. Is his chance improved by a change of jurisdiction?

The general rule is, that contracts void by the law of the land where made, are void everywhere else, and that what is a good defense in the place of contract, is a valid one wherever the contract is attempted to be enforced. It is well settled by the prin-

ciples of international comity, that the laws of every people in force within their own limits, ought to have the same force as to contracts there made, everywhere, so far as they do not prejudice the powers or rights of other governments, or of their citizens. It would be a queer illustration of the comity of nations to enforce in a foreign jurisdiction a contract void by the law of the place where it was entered into. Nor do we think there is to be found anything in our statutes or decisions, which should particularly encourage an attempt to enforce a contract like the present in this jurisdiction.                                   *Plaintiff nonsuit.*

DICKERSON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.